IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Reginald Anthony Hunter, <br><br> Plaintiff, <br><br> v. <br><br> United States Government; Federal Bureau of Prisons; FCI Bennettsville; N. Canada; J. Onuoha; J. Berrios; A. Anderson; S. Slone; N. Rosario; B. Olive; Coffman, <br><br> Defendants. | Case No. 0:20-cv-2695-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 89) recommending that the Court grant Defendants' motion to dismiss, or in the alternative, motion for summary judgment, (Dkt. No. 57), and Defendant Rosario's motion to dismiss for lack of jurisdiction, (Dkt. No. 68). For the reasons set forth below, the Court adopts in whole the R&R as the Order of the Court and grants Defendants' respective motions.

I.   **Background**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendants for alleged deliberate indifference to serious medical needs in violation of the Eighth Amendment. (Dkt. No. 1). Plaintiff alleges that, upon arrival at FCI Bennettsville, South Carolina in July 2014, the individual defendants at that facility failed to provide follow-up treatment for injuries associated with a past head and neck injury as well as for mental health treatment. Plaintiff alleges that he was subsequently transferred to United States Penitentiary Big Sandy in Kentucky. Plaintiff alleges that the individual defendants there did not provide doctors with his medical records and that he did not receive prescribed medication. Plaintiff then alleges he was transferred

to Federal Correctional Complex in Coleman, Florida. Plaintiff alleges that the individual defendant at that facility did not address his mental health concerns.

On December 15, 2020, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. (Dkt. No. 57). On December 21, 2020, Defendant Rosario filed a motion to dismiss for lack of jurisdiction. (Dkt. No. 68). Plaintiff opposes Defendants' motions. (Dkt. No. 78). Defendants filed a reply. (Dkt. No. 80).

On February 23, 2021, the Magistrate Judge issued an R&R recommending that Defendants' respective motions be granted. (Dkt. No. 89). Specifically, the Magistrate Judge, construing Plaintiff's complaint as one brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recommended that: (1) the United States Government, the Federal Bureau of Prisons, and the individual defendants in their official capacities be dismissed on grounds of sovereign immunity; (2) Defendants Olive, Slone, Coffman and Rosario be dismissed for lack of personal jurisdiction; (3) FCI Bennettsville be dismissed as it is not a "person" under federal law and cannot be a defendant in a *Bivens* action; (4) Defendant Canada be dismissed, pursuant to Fed. R. Civ. P. 4(m), for improper service; and (5) Plaintiff's remaining claims be dismissed because Plaintiff had failed to exhaust administrative remedies.

On April 16, 2021, Plaintiff filed objections to the R&R. (Dkt. No. 97).

Defendants' motions are fully briefed and ripe for disposition.

## II. Legal Standards

### a. Motion to Dismiss for Lack of Personal Jurisdiction

When a court's personal jurisdiction is challenged under Rule 12(b)(2) the burden is on the plaintiff to establish that a ground for jurisdiction exists. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When the court resolves the motion on written submissions (as opposed to an

evidentiary hearing), the plaintiff need only make a "prima facie showing of a sufficient jurisdictional basis." *Id.* However, the plaintiff's showing must be based on specific facts set forth in the record. *Magic Toyota, Inc. v. S.E. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992). The Court may consider the parties' pleadings, affidavits, and other supporting documents but must construe them "in the light most favorable to plaintiff, drawing all inferences and resolving all factual disputes in his favor, and assuming plaintiff's credibility." *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 404–05 (D.S.C. 2012) (internal quotation and alteration marks omitted); *see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) ("In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff"). However, a court "need not credit conclusory allegations or draw farfetched inferences." *Sonoco*, 877 F. Supp. 2d at 205 (internal quotation marks omitted). Whenever a defendant's sworn affidavit contests the allegations in the complaint, the plaintiff can no longer rest on those allegations. *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 835 (D.S.C. 2015). Instead, the plaintiff bears the burden to present an affidavit or other evidence showing jurisdiction exists over the non-resident defendant. *Id.*

To meet this burden, Plaintiff must show (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with the constitutional due process requirements. *E.g., Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). South Carolina has interpreted its long-arm statute to extend to the constitutional limits of due process. *See S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128, 130–31 (S.C. 1992). Thus, the first step is collapsed into the second, and

the only inquiry before the court is whether the due process requirements are met. *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999); *Sonoco*, 867 F. Supp. at 352.

Due process requires that a defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This standard can be met in two ways: "by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). To determine whether specific jurisdiction exists, the Court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Md.*, 334 F.3d at 397. (internal citations omitted). In other words, the defendant must have "minimum contacts" with the forum, the cause of action must arise from those contacts, and the exercise of personal jurisdiction must be reasonable. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–76 (1985). By contrast, general jurisdiction applies when a defendant's activities in the state are "continuous and systematic," even if they do not relate to the specific conduct giving rise to the complaint. *See Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 416.

Courts evaluate the reasonableness of personal jurisdiction by considering a variety of factors including: "(a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering substantive social policies." *Lesnick*

*v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir. 1994). "Minimum contacts" and "reasonableness" are not independent requirements; rather, they are aspects of the requirement of due process, and thus "considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King*, 471 U.S. at 477.

### b. Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses ... Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Generally, to survive a motion to dismiss the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

### c. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### d. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

## III. Discussion

After careful review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge ably concluded that Defendants' motions should be granted.

First, the Magistrate Judge correctly construed Plaintiff's complaint as one brought pursuant to *Bivens* and not the Federal Tort Claims Act and correctly found that the United States Government and the Federal Bureau of Prisons are not proper defendants. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001) ("If a federal prisoner in a [Federal Bureau of Prisons ("BOP")] facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer. . . .The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999) ("[T]he United States has not waived sovereign immunity in suits claiming constitutional torts."). The Magistrate Judge also correctly concluded that to the extent Plaintiff seeks monetary damages against the individual defendants in their official capacities, they are protected by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a *Bivens* action does not lie against either agencies or officials in their official capacit[ies]") (emphasis omitted). Plaintiff objected to these findings and the Court considers said objections below.

The Court overrules Plaintiff's objections on the above points. (Dkt. No. 97 at 2, 5). Principally, Plaintiff objects to the Magistrate Judge's finding that Plaintiff brought claims pursuant to *Bivens* and not the Federal Tort Claims Act. Plaintiff's objections fail to take issue, however, with any specific analysis contained in the R&R and instead repeat arguments already considered and rejected by the Magistrate Judge. *Compare* (Dkt. No. 89 at 3 n.2) *with* (Dkt. No. 97 at 5). For example, Plaintiff objects that he "submitted a FTCA claim in his complaint and [that] the court [erred] in constru[ing] [the] Complaint as only raising a claim pursuant to *Bivens*." *See, e.g.*, (Dkt. No. 97 at 2). Plaintiff does not dispute, however, that the Court had previously construed Plaintiff's complaint as arising under *Bivens* and that Plaintiff did not object to the Court's construction despite the express opportunity to do so. *See* Order, (Dkt. No. 19) (construing Plaintiff's claims as pursuant to *Bivens* only and finding "no other claims are being construed by the court as having been raised by Plaintiff in this action at this time") (emphasis removed); Order, (Dkt. No. 50 at 1) ("If *any party* disagrees with the court's construction of the Plaintiff's claims, he or she may file an appropriate motion with the court within seven (7) days from the date of this order."); *see also Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); *White v. Roche Biomedical Labs, Inc.*, 807 F. Supp 1212, 1216 (D.S.C. 1992) (noting that a "party is generally not permitted to raise a new claim in response to a motion for summary judgment"). In sum, as Plaintiff's objections on the above points are general in nature or only repeat arguments already considered and rejected by the Magistrate Judge, the Court overrules them. *Taccino v. Morrisey*, No. 3:16-CV-164 (GROH), 2017 WL 1074285, at *1 (N.D.W. Va. Mar. 21, 2017), *aff'd*, 698 F. App'x 97 (4th Cir. 2017) (noting "objections to a magistrate judge's R&R must be specific").

Second, the Magistrate Judge correctly found that the Court lacks personal jurisdiction over Defendants Olive, Slone, Coffman, and Rosario because none of these defendants have sufficient minimum contacts—much less continuous and systematic contacts—with the State of South Carolina. *See, e.g.*, Brandon Olive Affidavit, (Dkt. No. 57-5 at 1-2) (noting Olive works for the BOP in Kentucky and that Olive interacted with Plaintiff while Plaintiff was incarcerated at USP Big Sandy in Inez, Kentucky from April 20, 2017 through April 25, 2018). Plaintiff objected to this finding and the Court considers his objection below.

The Court overrules Plaintiff's objection. Plaintiff does not take issue with any specific analysis contained within the R&R. *See* (Dkt. No. 97 at 2) ("Mr. Hunter objects to court agreeing that the court [sic] does not have personal jurisdiction over the defendants Olive, Slone, Coffman, and Rosario."). Plaintiff's objection is general in nature and is accordingly overruled. *Taccino*, 2017 WL 1074285, at *1 ("General objections or mere reiterations of arguments already presented to the magistrate judge 'have the same effect as a failure to object' and thus do not warrant *de novo* review.")

Third, the Magistrate Judge correctly found that FCI Bennettsville—which is a building or a facility—must be dismissed as it is not considered a "person" for the purposes of a *Bivens* action. See 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *Caldwell v. Torres*, C/A No. 8:20-2010-MGL-JDA, 2020 WL 4228155, at *3 n.1 (D.S.C. Jun. 25, 2020) ("Only 'persons' may act under color of state or federal law; therefore, a defendant in a § 1983 or *Bivens* action must qualify as a 'person.'"), *report and recommendation adopted* by 2020 WL 4226688 (D.S.C. Jul. 23, 2020); *Gaddy v. U.S. District Court Columbia*, C/A No. 0:18-1445-JFA-JDA, 2018 WL 4560532, at *4 (D.S.C. Jun. 19, 2018) ("[A] building cannot be sued pursuant to

*Bivens*."), *report and recommendation adopted* by 2018 WL 3342679 (D.S.C. Jul. 9, 2018). Plaintiff objected to this finding and the Court considers his objection below.

The Court overrules Plaintiff's objection. Plaintiff objects to this finding on the basis that the "question of the claim being construed as a *Bivens* only Complaint needs to be addressed by the District Court." (Dkt. No. 97 at 2-3). This objection does not take issue with any specific finding of the Magistrate Judge. Instead, this objection expresses Plaintiff's disagreement with the Magistrate Judge's recommendation that Plaintiff's claim be construed under *Bivens*. Accordingly, Plaintiff's objection is overruled.

Fourth, the Magistrate Judge correctly determined that Defendant Canada must be dismissed for improper service under Fed. R. Civ. P. 4(m). Specifically, on September 23, 2020, the Court issued an order authorizing the issuance and service of process on Defendant Canada. (Dkt. No. 19). Plaintiff was specifically warned that "Plaintiff must provide, and is responsible for, information sufficient to identify the defendant on the Form USM-285. The United States Marshal cannot serve an inadequately identified defendant. **Unserved defendants may be dismissed as parties to this case if not served within the time limit governed by Rule 4(m) and this order**." (*Id.* at 2). On October 20, 2020, the summons for Defendant Canada was returned unexecuted. (Dkt. No. 37). On November 6, 2020, the Court issued an order notifying Plaintiff that Defendant Canada's summons was returned unexecuted and that Plaintiff was responsible for providing additional information sufficient to identify this defendant. (Dkt. No. 39). Plaintiff failed to provide that information. Thus, dismissal of Defendant Canada from this action pursuant to Fed. R. Civ. P. 4(m) is proper as Plaintiff's complaint was not served on Defendant Canada within the applicable time frame. *Tharrington v. Armor Corr. Health Care*, C/A No. 3:19CV338, 2020 WL 5834417, at *3 (E.D. Va. Sept. 30, 2020) ("Plaintiff, not the Court, nor the United States

Marshal's service, nor the attorney for another party, is responsible for providing the appropriate addresses for serving a Defendant.").

Fifth, the Court finds that Plaintiff's remaining claims against the South Carolina defendants—Defendants Onuoha, Berrios, and Anderson—must be dismissed due to failure to exhaust administrative remedies.

To bring a claim pursuant to *Bivens*, a prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Generally, to satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Here, the evidence before the Court shows that Plaintiff did not exhaust the administrative remedies provide by the BOP. *See* Declaration of J. Carter, (Dkt. No. 57-7) (stating Plaintiff failed to exhaust administrative remedies as it regarded the allegations in Plaintiff's complaint). Namely, while Plaintiff filed informal complaints requesting a CAT scan, (Dkt. No. 1-1 at 20-21), Plaintiff failed to follow BOP policy and pursue subsequent formal remedies. *See* 28 C.F.R. §§ 542.13,

542.14(a) (describing Form BP-9, a formal written "Administrative Remedy Request"); 28 C.R.F. § 542.15 (describing Form BP-10, appeal to Regional Director of denial of BP-9); *Id.* (appeal to General Counsel).

Additionally, Plaintiff objects to the Court's prior order denying him appointment of counsel. *See* (Dkt. No. 97 at 3); Order, (Dkt. No. 87) (denying Plaintiff's motion to appoint counsel). Plaintiff's objections on this point are, again, general in nature and take issue with no specific aspect of said order. *See* (*id.* at 3). Accordingly, said objection is overruled.

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 89) as the order of the Court and **GRANTS** Defendants' motion to dismiss, or in the alternative, motion for summary judgment (Dkt. No. 57) and Defendant Rosario's motion to dismiss for lack of jurisdiction (Dkt. No. 68).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Judge

April 21, 2021
Charleston, South Carolina